Scates, Justice, delivered the opinion of the court: (1) Case for unskillful work as house joiners and carpenters, and waste of lumber. General issue and two special pleas. The first special plea states, in' substance, that after the finishing the said work, and after the waste of lumber, and the committing of the said several grievances, and the plaintiff well knowing and being fully apprised of the injury and grievances, the said plaintiff and defendants accounted, reckoned, and settled concerning all the supposed grievances; and of and concerning the sum before that time agreed to be paid to the defendants, for doing the work, and upon that accounting, reckoning, and settling, the said plaintiff, in consideration that the defendants did receive and accept of the plaintiff, in full payment and satisfaction of said work, the promissory note of the plaintiff for $108.50, and another promissory note of the plaintiff, for about $90, the plaintiff then and there agreed to pay those two sums of money, in full satisfaction, settlement, and discharge of the said grievances, and did then and there accept the said carpenter and joiner’s work. The second special plea avers, in substance; that since the committing the supposed grievances, the defendants and plaintiff accounted and reckoned together, and settled of and concerning the. said grievances, and of and concerning the carpenter and joiner’s work, so done and finished by the said defendants, for the said plaintiff; and upon that accounting, reckoning, and settling, the said plaintiff, in consideration that the defendants did then and there remit a reasonable sum from theiraccount for the said work, on account of the said grievances, did then and there execute his promissory note to the defendants for $103.50, as and for the balance found to be due the defendants on such accounting, reckoning, and settling. To these two pleas there was a general demurrer, which was sustained by the court. This decision is assigned as error. The parties went to trial upon the general issue. A bill of exceptions was taken, presenting other questions, and upon p ggi which errors are assigned; but we deem it unnecessary to *- notice them, as we think the first sufficient to remand the cause. We think the first plea clearly bad; because it shows no satisfaction. It is contradictory, in stating that the plaintiff agreed to pay the defendants so much in satisfaction of damages sustained bv himself. The second special plea we think substantially good. It shows that they accounted and settled for those very grievances; and that the defendants, in full satisfaction of these injuries, abated and remitted so much from the sum due them for the work; and that thereupon the plaintiff executed his note for the balance found dire the defendants. It is not technically drawn, but is sufficient upon general demurrer. * The demurrer being general to both pleas, and the second plea substantially good, it should have been overruled. As the cause must be remanded for trial upon the issue tendered by the special plea, we deem it unnecessary to notice the several questions raised upon the evidence, and upon the instructions on the former trial. The judgment is reversed with costs, and the cause remanded. Judgment reversed. Semple, Justice, did not sit in this cause.